UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMERCIAL GREENVIC, S.A., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BERRY PEOPLE LLC, et al.,<br><br>Defendants. | Case No. 23-cv-03487-PCP<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 155 |

In this proceeding under the Perishable Agricultural Commodities Act (PACA), defendant HSBC Bank USA, N.A. has moved to dismiss certain intervenors' claims against HSBC for attorneys' fees, conversion, breach of fiduciary duty, and unjust enrichment. For the reasons set forth below, HSBC's motion is granted.

Defendant Berry People LLC is a produce wholesaler. This action arises from Berry People's alleged failure to pay its suppliers. In April 2021, Berry People sold its accounts receivable to HSBC in exchange for an upfront cash advance. As a result, the intervenors contend that HSBC holds assets that are subject to the statutory trust provisions of PACA and must be distributed among the PACA trust claimants. More than twenty plaintiffs and intervenors have asserted PACA trust claims, and proceedings to resolve these claims are ongoing.

In this motion, HSBC seeks dismissal of a narrow subset of the claims asserted by seven claimants. First, HSBC seeks to dismiss claims for attorneys' fees and conversion by two intervenors, Dole Diversified North America, Inc., and Growers Union LLC.[1] Second, HSBC

---

[1] Carolina Blueberry Group, LLC (another intervenor represented by the same law firm) does not claim that it is a PACA trust beneficiary and it therefore asserts no claims against HSBC that are subject to this motion.

seeks to dismiss claims for attorneys' fees, conversion, breach of fiduciary duty, and unjust enrichment by another set of intervenors, The Fresh Connection, LLC, Innovative Produce, Inc., Interfresh, Inc., and Veg-Fresh Farms, LLC.

**Conversion**

Both complaints at issue here assert a claim for conversion against HSBC. "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). "Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1491 (2006). "A cause of action for conversion of money can be stated only where a defendant interferes with the plaintiff's possessory interest in a specific, identifiable sum." *Kim v. Westmoore Partners, Inc.*, 201 Cal. App. 4th 267, 284 (2011).

Intervenors' conversion claims fail because even if the individual intervenors have valid PACA trust claims, that does not give them the individualized ownership or possessory interest in a specific, identifiable sum required to establish a conversion claim. PACA requires that the relevant proceeds and assets be held "in trust for the benefit of *all* unpaid suppliers or sellers … or agents…, until full payment … has been received by such unpaid suppliers, sellers, or agents." 499 U.S.C. § 499e(c)(2). The implementing regulations direct that PACA trust assets "are to be preserved as a nonsegregated 'floating' trust" and specify that "[c]ommingling of trust assets is contemplated." 7 C.F.R. § 46.46. Here, intervenors can point to the specific amounts they are owed by Berry People. But this does not establish their possessory interest in a specific sum currently in HSBC's possession. Because any trust assets must under the statute be held in nonsegregated trust for the benefit of *all* unpaid PACA creditors, PACA does not give any individual creditor an ownership interest in trust assets that can establish a common law conversion claim in addition to a statutory trust claim. Intervenors' conversion claims are accordingly dismissed without leave to amend.

2

**Breach of Fiduciary Duty**

The second set of intervenors also assert a claim for breach of fiduciary duty. The only duty owed by HSBC that the complaint alleges is HSBC's "duty as a PACA trustee." Dkt. No. 90 ¶ 67. The complaint states that as a "lender in the produce industry" and being "informed … of Berry People's financial problems, HSBC had full knowledge, constructive notice, or inquiry notice" of this duty. *Id.* It also asserts that HSBC and the other defendants breached their duties as PACA trustees by not keeping enough trust assets to pay intervenors for their produce. *Id.* ¶ 70.

PACA imposes trust obligations only on a "commission merchant, dealer, or broker" that receives perishable agricultural commodities or receivables or proceeds from the sale of such commodities. 7 U.S.C. § 499e(c)(2). PACA trusts are governed by "general trust principles … unless those principles directly conflict with PACA." *S&H Packing & Sales Co. v. Tanimura Distrib., Inc.*, 883 F.3d 797, 803 (9th Cir. 2018). A breach of a PACA trust "occurs when there is a violation by the trustee of any duty which as trustee he owes to the beneficiary," including the requirement that the trustee "maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." *Id.* (cleaned up). "The transferees of trust assets"—as opposed to trustees—"are liable only if they had some role in causing the breach or dissipation of the trust." *Id.* (cleaned up).

Intervenors do not argue that HSBC is a broker, merchant, or dealer that would be a trustee under the statute. Instead, the intervenors argue that HSBC became a de facto trustee by taking control of trust assets. But this argument has no support in the statute and contradicts the general trust principles that govern PACA trusts. A third party transferee that receives trust assets, including a lender who receives trust assets as part of a factoring agreement, can be *liable* if the transferee had notice of a breach or had some role in causing it. *S&H Packing*, 883 F.3d at 803; *see also* Restatement (Second) of Trusts § 296 ("If the trustee transfers trust property in breach of trust to a transferee for value, the transferee takes free of the trust although he has notice of the existence of the trust, unless he has notice that the trustee is committing a breach of trust in making the transfer."). But transferee liability stems from involvement in the *trustee*'s breach of duty—there is no additional fiduciary duty imposed on transferees. Whether HSBC had

3

knowledge or inquiry notice of the trust, as alleged, may be relevant to determining whether HSBC is ultimately liable because it had notice of or played a role in any breach of trust, but knowledge or notice is not enough to transform HSBC from a third party into a trustee.

Because intervenors' allegations do not establish that HSBC was itself a PACA trustee nor do they identify any other fiduciary duty owed to them by HSBC, the breach of fiduciary duty claim is dismissed without leave to amend.

### Unjust Enrichment

The second set of intervenors also assert a claim for unjust enrichment. Under California law, "unjust enrichment and restitution … describe the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (cleaned up). The intervenors assert this claim broadly against all defendants. They argue that the unjust enrichment claim arises from defendants' alleged conversion of the goods they sold. But the conversion claim against HSBC is dismissed for the reasons discussed above. And while HSBC does not challenge the claims for *direct* violation of PACA's trust provisions, it is not clear from the complaint how HSBC's acquisition of Berry People's accounts receivable through a facially permissible factoring agreement means that HSBC unjustly retained a benefit through mistake, fraud, coercion, request, or the like. The intervenors argue that discovery may show that HSBC was unjustly enriched through mistake, fraud, coercion, request, or other unjust conduct. Based on the current complaint, however, this claim is not adequately pleaded. The unjust conversion claim is therefore dismissed with leave to amend. If these intervenors can add facts showing how HSBC's alleged receipt of proceeds was unjust (and not just a violation of PACA's trust provisions after Berry People's failure to pay), they may file an amended complaint by June 6, 2024. Alternatively, if discovery later reveals such facts, they may seek leave to amend at that time.

### Attorneys' Fees

Finally, both complaints seek attorneys' fees in conjunction with the claims to enforce PACA's trust provisions and also invoke separate causes of actions for attorneys' fees against HSBC. Dkt. No. 68 ¶¶ 129, 151–57; Dkt. No. 90 ¶¶ 57, 92–97. The parties do not dispute that

attorneys' fees can be recovered as part of a PACA trust claim under the Ninth Circuit's decision in *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1224–25 (2002). Instead, the dispute is whether these intervenors can also obtain attorneys' fees under California's "tort of another" doctrine.

The tort of another doctrine provides that "[a] person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred." *Prentice v. N. Am. Title Guar. Corp.*, 59 Cal. 2d 618, 620 (1963). As one California court has explained, the tort of another doctrine is "not really an exception" to the default rule that a party must pay its own attorney fees unless a statute or contract provides otherwise, but rather "an application of the usual measure of tort damages." *Mega RV Corp. v. HWH Corp.*, 225 Cal. App. 4th 1318, 1337 (2014). In other words, if as a result of a tort the victim must pay an attorney to sue someone other the tortfeasor, the cost of that action is part of the injury and can be part of the damages award for the tort claim.

Intervenors assert that HSBC tortiously received, retained, and converted their PACA trust assets, and that this conduct required them to sue third parties to enforce their trust rights. There are multiple problems with this theory.

First, the tort of another doctrine does not provide a standalone cause of action for attorneys' fees but instead merely clarifies that attorneys' fees can sometimes be included in the measure of damages for a tort claim. This of course requires that there first be an underlying tort. But intervenors have not clearly alleged that HSBC committed any specific tort: As discussed above, the conversion and breach of fiduciary duty claims lack merit.

Second, the tort-of-another doctrine does not square with intervenors' theory of harm. Intervenors' claims are primarily based on "Berry People's failure to … promptly pay for produce." Dkt. No. 68 ¶ 42; *see also* Dkt. No. 90 ¶ 15 ("This lawsuit arises from recent sales by Plaintiffs to the Berry People LLC.… The failure of Berry People to pay Plaintiffs gives rise to liabilities under several legal theories."). And the related claims against HSBC are mainly statutory claims under PACA. The gist of the complaint is that Berry People failed to pay

1 intervenors for their produce, and this in turn required them to sue HSBC and other parties—not
2 the other way around. Even if intervenors *could* plead a conversion claim against HSBC, it is not
3 clear how any conversion by HSBC would require a lawsuit against Berry People.

4 Accordingly, based on the claims in their current complaint, intervenors are not entitled to
5 recover attorneys' fees as a measure of damages for any tort claim against HSBC. They may of
6 course seek attorneys' fees from HSBC to the extent permitted by the statute and the terms of their
7 contracts in pursuing their statutory claims under PACA. And because there is no standalone cause
8 of action for attorneys' fees, the standalone claims are dismissed as duplicative.

9 \*   \*   \*

10 For the reasons set forth above, HSBC's motion to dismiss is granted. An amended
11 complaint, if the Fresh Connection intervenors choose to file one addressing the shortcomings in
12 their unjust enrichment claim, is due June 6, 2024. If no amended complaint is filed by that date,
13 HSBC's answer to the existing complaint will be due June 20, 2024.

**IT IS SO ORDERED.**

Dated: May 21, 2024

P. Casey Pitts
United States District Judge